

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-2009

# Leo Schweitzer, III v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Leo Schweitzer, III v. USA" (2009). *2009 Decisions.* Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-057                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3477
_____

LEO SCHWEITZER, III, and all of those similarly situated,

Appellant

v.

UNITED STATES, et al
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-02146)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 25, 2009
Before:  SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 2, 2009)
_____

OPINION
_____

PER CURIAM

In November 2008, Leo Schweitzer filed a sixty-four-page complaint against the

United States and countless other persons and entities.  Though its contents are not

entirely clear, it appears that Schweitzer primarily sought redress for an alleged breach of

a plea agreement related to his most recent conviction, and perhaps all of his prior criminal convictions as well.[1] Schweitzer alleged violations of his "First, Fourth, Fifth, Sixth, Eight[h], Ninth, Tenth, Thirteen, and Fourteenth Amendment[]" rights, as well as violations of the Federal Tort Claims Act ("FTCA"). The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief may be granted. Schweitzer appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Having granted Schweitzer leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

At the outset, we note our disagreement with the District Court's determination that Schweitzer's claims are barred by the FTCA's applicable statute of limitations. The claimant is required by the FTCA to file an administrative tort suit within two years of the claim's accrual. See 28 U.S.C. § 2401(b). Here, Schweitzer apparently filed an administrative tort suit on April 24, 2006. (Dist. Ct. Op. at 8.) Schweitzer's claims could have accrued in late 2004, the last year in which he complains that government misconduct occurred concerning the alleged breach of a plea agreement. (Dist. Ct. Op. at

---

[1] Details of Schweitzer's extensive criminal history are set forth in United States v. Schweitzer, 454 F.3d 197 (3d Cir. 2006).

2

3-4) ("Plaintiff sets forth a plethora of alleged violations which appear to have occurred over a time period spanning from 1984 through 2004). Thus we cannot say for sure whether Schweitzer's claims, if they were in fact proper claims under the FTCA, were timely. We will not remand for further development of the record, however, because we dispose of this appeal on other grounds. Cf. Nicini v. Morra, 212 F. 3d 798, 805 (3d Cir. 2000) (en banc).

Schweitzer's claims are, in effect, collateral attacks on his convictions. As the District Court observed, Schweitzer's claims are premised on the alleged breach of a plea agreement, his alleged actual innocence of any criminal wrongdoing, and the alleged unreasonableness of his sentence for the crimes of conviction. Such attacks must be brought via habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). We note, moreover, that Schweitzer has already unsuccessfully attempted to end or shorten his term of imprisonment through various means over the years, including 28 U.S.C. § 2255, 28 U.S.C. § 2241, Federal Rule of Civil Procedure 60(b), and a petition for a writ of coram nobis.[2] It appears, then, that this complaint is just his latest attempt at circumventing AEDPA's stringent gatekeeping requirements for second or successive § 2255 motions. As a result, it would have been pointless for the District Court to construe the complaint as a § 2255 motion because the District Court would have lacked

---

[2] Indeed, many of the claims made in Schweitzer's complaint are duplicative of claims previously rejected by this Court.

jurisdiction to entertain it without our having authorized its filing.  See 28 U.S.C. § 2244.

Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3]  Our decision to dismiss the appeal pursuant to § 1915(e)(2)(B) has significant consequences, because it will mean that Schweitzer has had at least three actions or appeals dismissed under that provision during his incarceration.  See also Schweitzer v. United States, 215 F. App'x 120 (3d Cir. Jan. 31, 2007); Schweitzer v. United States, No. 08-cv-02146, dkt #26 (M.D. Pa. Aug. 7, 2009); Schweitzer v. All Territories & Insular Possessions, No. 06-cv-0965, dkt #34 (M.D. Pa. Apr. 26, 2007).  Thus, while imprisoned, Schweitzer will from now on be prohibited from bringing civil suits unless he either pays the fees in full up-front or makes a showing that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).